# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| SOUTH CAROLINA STATE PORTS AUTHORITY | ) ) ) |
| Petitioner | ) ) ) |
| and | ) ) ) |
| THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD. | ) ) ) ) ) ) |
| Intervenors | ) ) ) |
| v. | ) ) ) |
| NATIONAL LABOR RELATIONS BOARD | ) ) ) |
| Respondent | ) ) ) |
| and | ) ) ) |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION | ) ) ) ) ) ) |
| Intervenors | ) |

Case No. 23-1059

---

**JOINT BRIEFING PROPOSAL
OF THE NATIONAL LABOR RELATIONS BOARD AND
INTERVENORS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
AND INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422**

To the Honorable, the Judges of the United States
  Court of Appeals for the Fourth Circuit:

The National Labor Relations Board, by its Deputy Associate General Counsel, respectfully submits this joint briefing proposal on behalf of the Board and Intervenors International Longshoremen's Association ("ILA") and International Longshoremen's Association, Local 1422 ("Local 1422"). In support of the joint proposal, the Board shows as follows:

1. This case is before the Court on the petition of South Carolina State Ports Authority ("SCSPA") to review a Board Order issued on December 16, 2022, in *International Longshoremen's Association, AFL-CIO, CLC*, 372 NLRB No. 86. In its Order, the Board dismissed two unfair-labor-practice allegations—one alleging that ILA, Local 1422, and the United States Maritime Alliance, Ltd. ("USMX") violated Section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e), and the other alleging that ILA violated Section 8(b)(4)(ii)(A) and (B) of the Act, 29 U.S.C. § 158(b)(4)(ii)(A) and (B). 372 NLRB No. 86, slip op. at 3-4.

2. The Board proceeding with respect to the Section 8(e) allegation was initiated by charging parties SCSPA and the State of South Carolina ("the State").

3. The Board proceeding with respect to the Section 8(b)(4)(ii)(A) and (B) allegations was initiated by charging parties SCSPA, the State, and USMX.

2

4. ILA was a charged party and respondent as to all of the allegations below. Meanwhile, Local 1422 and USMX were also charged parties and respondents, but only as to the Section 8(e) allegation.

5. The Court has granted Intervenor status to the State, USMX, ILA, and Local 1422, all of whom participated in the underlying Board proceedings.

6. In its February 7, 2023 motion to intervene, USMX noted its dual role as a charging party and respondent in the underlying Board proceedings and specifically requested "leave to file a separate brief, if necessary, after SCSPA and the NLRB have filed their respective initial briefs but before SCSPA has filed its reply brief." USMX Mot. to Intervene at 3 ¶ 11. ILA and the Board did not consent to USMX's unilateral request for a particular briefing arrangement. Thereafter, on February 8, 2023, the Court directed the parties "to file a proposed briefing schedule, including proposed length limitations," to be adopted for purposes of the current appeal.

7. Pursuant to the Court's order, the Board, ILA, and Local 1422 submit the following joint proposal:

- April 10, 2023: SCSPA's opening brief due
    - *Word limit: 13,000 words*

- April 24, 2023: Separate intervenor briefs due for the State and USMX (in support of SCSPA)
    - *Word limit: 9,100 words (for each brief)*

- May 24, 2023: Board's answering brief due
    - *Word limit: 13,000 words*

3

- June 7, 2023: Separate intervenor briefs due for ILA, Local 1422, and USMX (in support of the Board)
    - *Word limit: 9,100 words (for each brief)*

- June 21, 2023: SCSPA reply brief due
    - *Word limit: 6,500 words*

8. The foregoing proposed schedule allows Board counsel adequate time to diligently prepare the Board's brief in the instant case given Board counsel's busy schedule preparing and reviewing briefs in the already-pending appeals discussed in the Board's Opposition to SCSPA's Motion to Expedite. Board Opp. to Motion to Expedite at 5-6.

9. The foregoing proposed schedule is also consistent with Federal Rule of Appellate Procedure 15.1, which establishes the default rule that parties adverse to the Board "must proceed first on briefing and at oral argument."

10. The Board has circulated the above proposal to all parties in this appeal. ILA and Local 1422 have indicated they join the proposal. USMX has indicated it will accept the proposal provided it is clear—as in paragraph 7 above—that USMX will have the opportunity to potentially file two briefs, given its unique position as both a charging party and respondent below. SCSPA has indicated that it disagrees with the above proposal (and it believes that the State does, too) and intends to file its own proposal.

4

WHEREFORE, the Board, ILA, and Local 1422 respectfully request that the Court adopt their joint briefing proposal described at paragraph 7 above.

                                     Respectfully submitted,

                                     /s/ Ruth Burdick
                                     Ruth Burdick
                                     Deputy Associate General Counsel
                                     National Labor Relations Board
                                     1015 Half Street, SE
                                     Washington DC  20570
                                     (202) 273-2960

Dated at Washington, DC
this 15th day of February 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | )<br>)<br>) |
| Petitioner | )    **Case No. 23-1059** |
| and | ) |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | )<br>)<br>) |
| Intervenors | ) |
| v. | ) |
| **NATIONAL LABOR RELATIONS BOARD** | ) |
| Respondent | ) |
| and | ) |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | )<br>)<br>)<br>) |
| Intervenors | ) |

_____

## CERTIFICATE OF SERVICE

    I hereby certify that on February 15, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.  I further certify that this document was served on all parties or their counsel of record through the CM/ECF system.

        /s/ Ruth E. Burdick<br>
        Ruth E. Burdick<br>
        Deputy Associate General Counsel<br>
        NATIONAL LABOR RELATIONS BOARD<br>
        1015 Half Street, SE<br>
        Washington, DC  20570<br>
        (202) 273-2960

Dated at Washington, DC<br>
this 15th day of February 2023

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) | |
| Petitioner | ) ) ) | **Case No. 23-1059** |
| and | ) ) | |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) | |
| Intervenors | ) ) | |
| v. | ) ) ) | |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) | |
| Respondent | ) ) | |
| and | ) ) | |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) ) | |
| Intervenors | ) | |

_____

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its document contains 700 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word 2016.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 15th day of February 2023