# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) | |
| Petitioner | ) ) | Case No. 23-1059 |
| and | ) ) | |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) | |
| Intervenors | ) ) | |
| v. | ) ) | |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) | |
| Respondent | ) ) | |
| and | ) ) | |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) ) | |
| Intervenors | ) | |

1

**THE NATIONAL LABOR RELATIONS BOARD'S OPPOSITION TO SOUTH CAROLINA STATE PORTS AUTHORITY'S PROPOSED BRIEFING SCHEDULE AND RENEWED MOTION TO EXPEDITE**

To the Honorable, the Judges of the United States
 Court of Appeals for the Fourth Circuit:

The National Labor Relations Board, by its Deputy Associate General Counsel, opposes the combined briefing proposal and renewed motion to expedite filed by South Carolina State Ports Authority ("SCSPA") on February 15, 2023. In support of its opposition, the Board shows as follows:

1. This case is before the Court on the petition to review a Board Order issued on December 16, 2022, in *International Longshoremen's Association, AFL-CIO, CLC*, 372 NLRB No. 86. In its Order, the Board dismissed two unfair-labor-practice allegations—one alleging that ILA, Local 1422, and the United States Maritime Alliance, Ltd. ("USMX") violated Section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e), and the other alleging that ILA violated Section 8(b)(4)(ii)(A) and (B) of the Act, 29 U.S.C. § 158(b)(4)(ii)(A) and (B). 372 NLRB No. 86, slip op. at 3-4.

2. The Board proceeding with respect to the Section 8(e) allegation was initiated by charging parties SCSPA and the State of South Carolina ("the State").

3. The Board proceeding with respect to the Section 8(b)(4)(ii)(A) and (B) allegations was initiated by charging parties SCSPA, the State, and USMX.

4. ILA was a charged party and respondent as to all of the allegations below. Meanwhile, Local 1422 and USMX were also charged parties and respondents, but only as to the Section 8(e) allegation.

5. The Court has granted Intervenor status to the State, USMX, ILA, and Local 1422, all of whom participated in the underlying Board proceedings.

6. In its February 7, 2023 motion to intervene, USMX noted its dual role as a charging party and respondent in the underlying Board proceedings and specifically requested "leave to file a separate brief, if necessary, after SCSPA and the NLRB have filed their respective initial briefs but before SCSPA has filed its reply brief." USMX Mot. to Intervene at 3 ¶ 11. ILA and the Board did not consent to USMX's unilateral request for a particular briefing arrangement. Thereafter, on February 8, 2023, the Court directed the parties "to file a proposed briefing schedule, including proposed length limitations," to be adopted for purposes of the current appeal.

7. On February 15, 2023, the Board, ILA, and Local 1422 filed a joint proposed briefing schedule, which USMX stated that it accepted. *See* Joint Proposal of NLRB, ILA, and Local 1422 ("Joint Proposal"). That proposed briefing schedule gives USMX the opportunity to potentially file two briefs, given its unique position as both a charging party and respondent below. *See* Joint

3

Proposal at ¶10. That same date, SCSPA filed its renewed motion to expedite along with its own proposed briefing schedule.

8. The Board urges the Court to adopt the Joint Proposal rather than SCSPA's most-recently proposed briefing schedule, and to deny SCSPA's renewed motion to expedite. As an initial matter, unlike the most-recently proposed briefing schedule of SCSPA, the Joint Proposal is consistent with Federal Rule of Appellate Procedure 15.1, which establishes the default rule that parties adverse to the Board "must proceed first on briefing and at oral argument." Accordingly, to the extent that USMX is adverse to the Board with respect to any findings in this case, the Joint Proposal—accepted by USMX—provides that USMX may file its brief as to those findings at the appropriate time for intervenor briefs in support of SCSPA (before the Board files its answering brief). By the same token, to the extent that USMX is on the Board's side with respect to any findings in this case, the proposed schedule calls for USMX to file its brief as to those findings at the appropriate time for intervenor briefs in support of the Board. Given that the proposed schedule accommodates USMX's potential interests on both sides of this case, there is no need to interpose an additional briefing deadline—as SCSPA is currently suggesting. Renewed Mtn. to Expedite at 3.

9. Moreover, the Board is opposed to SCSPA's most-recently proposed due date of April 14 for the Board's brief. Although that date is two weeks later than

SCSPA's originally-proposed March 31 due date for the Board's brief, the deadline remains problematic for the Board because it will unnecessarily delay the long-pending cases discussed by the Board in its original opposition. Board Opp. to Motion to Expedite at 5-6, 6 n.2 (listing cases, including *Renew Home Health v. NLRB*, 5th Cir. No. 22-60584, *NLRB v. Pain Relief Centers P.A.*, 4th Cir. No. 22-2157, and *GHG Management, LLC v. NLRB*, D.C. Cir. No. 22-1312). As of this filing, the Board's brief in *Renew Home Health* (Supervisor Rajapakse) is now due April 5, the brief in *Pain Relief Centers* (Supervisor Rajapakse) is due April 10, and the brief in *GHG* (Board Attorney Beard) is due April 12.

10.  Indeed, SCSPA still has not identified how any "potential" or "threatened" harm from processing this case in the normal course justifies removing other cases from being processed in their normal courses. Renewed Mtn. to Expedite at 7-9. Given that SCSPA itself did not move to expedite the case before the Board and waited over one month to file its petition for review (the Board's Order issued on December 16, 2022 and SCSPA did not file its petition for review until January 18, 2023), there is simply no need to prejudice other, previously initiated cases.

WHEREFORE, the Board respectfully requests that the Court deny SCSPA's renewed motion for an expedited briefing schedule.

Respectfully submitted,

/s/ Ruth Burdick
Ruth Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington DC 20570
(202) 273-2960

Dated at Washington, DC
this 22nd day of February 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) | |
| Petitioner | ) ) ) | **Case No. 23-1059** |
| **and** | ) ) | |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) | |
| Intervenors | ) ) | |
| v. | ) ) ) | |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) | |
| Respondent | ) ) | |
| **and** | ) ) | |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) ) | |
| Intervenors | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. I further certify that this document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 22nd day of February 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) | |
| Petitioner | ) ) ) | **Case No. 23-1059** |
| **and** | ) ) ) | |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) | |
| Intervenors | ) ) ) | |
| v. | ) ) ) | |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) ) | |
| Respondent | ) ) ) | |
| **and** | ) ) ) | |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) ) | |
| Intervenors | ) | |

_____

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its document contains 934 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word 2016.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 22nd day of February 2023