UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) |
| Petitioner | ) )    Case No. 23-1059 |
| and | ) ) |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) |
| Intervenors | ) ) |
| v. | ) ) |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) |
| Respondent | ) ) |
| and | ) ) |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) |
| Intervenors | ) |

_____

**MOTION OF THE NATIONAL LABOR RELATIONS BOARD
TO FILE BRIEFS SEPARATE FROM OTHER PARTIES**

To the Honorable, the Judges of the United States
  Court of Appeals for the Fourth Circuit:

     Pursuant to Local Rules 12(e) and 28(d), the National Labor Relations Board, by its Deputy Associate General Counsel, respectfully moves for leave to file its own briefs

in the above-captioned appeal, rather than filing joint briefs with other parties as required by this Court's February 23, 2023 briefing order (Doc. #38). The Board has a strong interest in presenting its position separate from any other party, given its unique role in interpreting and applying federal labor policy, including in the underlying unfair-labor-practice proceeding. In support of this motion, the Board shows as follows:

1. This case is before this Court on the petition of the South Carolina State Ports Authority ("SCSPA") to review a Board Decision and Order issued on December 16, 2022, in *International Longshoremen's Association, AFL-CIO, CLC*, 372 NLRB No. 86. In its Order, the Board dismissed unfair-labor-practice complaints against the International Longshoremen's Association ("ILA") and its Local 1422 ("Local 1422") (collectively, "the Unions") and United States Maritime Alliance, Ltd. ("USMX"). *Id.*, slip op. at 3, 8. One complaint was based on charges by SPSCA and the State of South Carolina ("the State") that the Unions and USMX had entered into an unlawful collective-bargaining agreement. *Id.*, slip op. 3. The other complaint was based on charges by SCSPA, the State, and USMX that ILA had filed an unlawful lawsuit against USMX. *Id*.

2. The Unions, USMX, and the State have intervened in the present appeal.

3. On February 23, 2023, this Court issued an order requiring that all parties to a side file a single principal brief of 16,000 words, except for Intervenor USMX, which has been afforded the opportunity to file its own brief of 13,000 words. *See* February 23

2

Court Order at 2.  Thus, the Board, as Respondent, is currently required to file a joint brief with the Intervenor Unions in response to the joint opening brief of Petitioner SCSPA and its intervenor, the State.  The order further provides that after principal briefs have been filed and Intervenor USMX has filed its standalone brief, "Petitioners' reply brief and responses to USMX's brief [are] due, requiring a single brief of 6,500 words."  *See* February 23 Court Order at 2.

    4.  The Board respectfully submits that it would be inappropriate for it to file collaborative or joint briefs with other parties, for several reasons.

        a.  Unlike the other parties to this appeal, the Board was not a litigant below.  It was the decision-maker and considered arguments made to it, including by the unions that have now intervened on the Board's side.

        b.  Moreover, although the Board ultimately found in favor of the Unions by dismissing all charges against them, it did not adopt wholesale all of their arguments.  For example, ILA argued that under Board precedent its lawsuit would not be unlawful unless it had also committed an "underlying act" apart from the filing of the lawsuit.  However, the Board found it unnecessary to reach that argument.  372 NLRB No. 86, slip op. at 5 n.14.

        c.  Further, even when a divergence of views does not exist, the Board's interests cannot be reduced to those of private parties, such as the Unions here.  As the Supreme Court has long recognized, the Board acts to advance the public interest, not to

3

"adjudicate private controversies." *NLRB v. Fant Milling Co.*, 360 U.S. 301, 307-08 (1959). *Accord Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 192-93 (1941) (Board is "not devised" for "limited function" of "correcti[ng] [ ] private injuries."). The Board advances the public interest by performing the "special function of applying the general provisions of the Act to the complexities of industrial life." *See NLRB v. Erie Resistor Corp.*, 373 U.S. 221, 236 (1963). Thus, the Board "has the primary responsibility for developing and applying national labor policy," *NLRB v. Curtin Matheson Scientific, Inc.*, 494 U.S. 775, 786 (1990), which is a "difficult and delicate responsibility" *Anheuser-Busch, Inc. v. NLRB*, 338 F.3d 267, 273 (4th Cir. 2003).

        d.  It is therefore important for the position of the Board to be within the Board's exclusive control on appeal, where the Board's role is to explain and defend its determinations on matters of public right. In fulfilling this role, the Board, unlike private parties, cannot venture outside the four corners of its decision. Instead, it can only prevail based on the rationale put forward in its decision, regardless of any additional arguments a private party may make in support of that decision (*e.g.*, Intervenor ILA's "underlying act" argument, discussed above at ¶4(b)). Indeed, as the Supreme Court has held, "[a]n agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196

(1947)). *Accord Gonzalez v. Garland*, 16 F.4th 131, 144 (4th Cir. 2021) (citing *State Farm*).

   e. Consistent with these principles, on review of Board decisions and orders, courts routinely permit the Board to file its own briefs—separate from the private parties involved—even if those private parties have intervened on the Board's side. *See e.g.*, *Bardon, Inc. v. NLRB*, 4th Cir. No. 22-1340 (Doc. #38, Sept. 7, 2022 order granting motion to file separate briefs); *NLRB v. Aakash*, 9th Cir. No. 22-70002 (Doc. #18, February 15, 2022 order setting briefing schedule with separate Board and intervenor briefs); *IUOE Local 18 v. NLRB*, D.C. Cir. No. 17-1122 (Doc. #16, June 28, 2017 order setting briefing schedule with separate Board and intervenor briefs). Indeed, Board counsel is unaware of any instance in which the Board has ever filed a joint brief with a private-party intervenor.

  5. Accordingly, given the Board's unique position both in the proceeding below and in the present appeal, the Board should be permitted to defend its Decision and Order separate from the other parties in the case, including in its own Respondent's brief and later Response brief to USMX.

  6. Counsel for the Unions have indicated that they do not object to the Board's motion for separate briefs and will be filing a similar motion themselves. Counsel for USMX has indicated it does not object to the Board's motion for separate briefs. Counsel for SCSPA and the State have indicated that they do not object to the Board

5

filing a separate brief, provided the briefs filed on the Board's side do not cumulatively exceed the 16,000 word limit imposed by the February 23 Court Order. However, SCSPA and the State would object to separate briefs that cumulatively exceed the 16,000 word limit set by the Court's order.

      WHEREFORE, the Board respectfully requests that the Court allow the Board to file its own Respondent's brief and later Response brief to USMX.

Respectfully submitted,

/s/ Ruth Burdick
Ruth Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington DC 20570
(202) 273-2960

Dated at Washington, DC
This 3rd day of March, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **SOUTH CAROLINA STATE PORTS AUTHORITY** | ) ) ) ) | |
| **Petitioner** | ) ) | **Case No. 23-1059** |
| **and** | ) ) ) | |
| **THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.** | ) ) ) ) ) | |
| **Intervenors** | ) ) ) | |
| **v.** | ) ) | |
| **NATIONAL LABOR RELATIONS BOARD** | ) ) ) | |
| **Respondent** | ) ) | |
| **and** | ) ) ) | |
| **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION** | ) ) ) ) ) ) | |
| **Intervenors** | ) | |

_____

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(l), the Board certifies that the foregoing document contains 1,261 words of proportionally spaced, 14-point type, and that the word processing system used was Microsoft Word 2016.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570

Dated at Washington, DC
this 3rd day of March 2023

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| SOUTH CAROLINA STATE PORTS AUTHORITY | ) ) ) |
| Petitioner | ) ) Case No. 23-1059 |
| and | ) ) ) |
| THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD. | ) ) ) ) ) |
| Intervenors | ) ) |
| v. | ) ) |
| NATIONAL LABOR RELATIONS BOARD | ) ) |
| Respondent | ) ) |
| and | ) ) |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION | ) ) ) ) ) |
| Intervenors | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. I further certify that

this document was served on all parties or their counsel of record through the

CM/ECF users.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570

Dated at Washington, DC
this 3rd day of March 2023