# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CASE NO. 23-1059

---

**SOUTH CAROLINA STATE PORTS AUTHORITY,**

Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,**

Respondent.

---

## MOTION OF INTERVENORS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AND ILA LOCAL 1422 TO FILE A SEPARATE BRIEF

---

| | |
|---|---|
| Joseph D. Richardson<br>WILLIG, WILLIAMS, & DAVIDSON<br>1845 Walnut Street, 24th Floor<br>Philadelphia, PA 19103<br>(215) 656-3655 | John P. Sheridan<br>Daniel Wolff<br>Nicholas M. Graziano<br>MAZZOLA MARDON, P.C.<br>26 Broadway, 17th Floor<br>New York, NY 10004<br>(212) 425-3240 |
| *Counsel for the International Longshoremen's Association, Local 1422* | *Counsel for the International Longshoremen's Association* |

1003-547
131658

# MOTION OF INTERVENORS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AND ILA LOCAL 1422 TO FILE A SEPARATE BRIEF

Intervenors International Longshoremen's Association (ILA) and International Longshoremen's Association Local 1422 (ILA Local 1422, collectively "the Unions") now move, pursuant to Federal Rules of Appellate Procedure Rule 28 and Local Rule 28(d), for leave to jointly file their own separate brief in this matter.

There are good causes for the Unions' motion:

(a) the February 23, 2023 scheduling order allows a 13,000 word brief for one intervenor, United State Maritime Alliance (USMX), but does not allow either ILA or ILA Local 1422 to submit any brief even though the Unions are also intervenors, and are adverse to USMX in the most important dispute in this matter, and have a significant interest in the outcome of this litigation as it impacts the administration of the ILA's collective bargaining agreement with USMX on a coastwide basis; and

(b) the ILA has its own interest in vindicating its rights as a private party, including the ILA's First Amendment rights, which are separate and distinct from the interests of the Respondent National Labor Relations Board (NLRB or Board).

1003-547
131658

2

## BACKGROUND

1. The ILA is a labor union which represents longshore workers and workers in the related crafts along the Eastern and Gulf Coasts of the United States, from Maine to Texas, in Canada, and Puerto Rico.

2. ILA Local 1422 is a local union affiliate of the ILA which represents longshore workers in the Port of Charleston, South Carolina.

3. This case arises out of a decision of the NLRB dismissing two Complaints filed against the ILA for alleged violations of the National Labor Relations Act (the Act).

4. Petitioner South Carolina State Ports Authority (SCSPA) and the State of South Carolina (State) initiated the first proceeding before the Board by filing an unfair labor practice charge against the ILA, ILA Local 1422, and USMX, alleging that Article VII, Section 7, of the Master Contract, the bargaining agreement negotiated between ILA and USMX, violated Section 8(e) of the Act. The NLRB issued the first complaint against the ILA, Local 1422, and USMX on March 17, 2021.

5. SCSPA, the State, and USMX then filed a second set of charges against the ILA only, alleging that the ILA had violated Sections 8(b)(4)(ii)(A) and (B) of the Act when it brought a lawsuit in New Jersey state court against USMX and two of USMX's member ocean carriers, alleging a breach of the no-subcontracting

provision of the Containerization Agreement, which is Appendix A to the Master Contract. The NLRB issued a second complaint against the ILA on May 19, 2021.

6. Thus, USMX is a respondent in the first complaint and a charging party in the second complaint. ILA Local 1422 is a respondent in the first complaint only. The ILA is a charged party in **both** complaints.

7. The two complaints were consolidated, and a trial was held before an Administrative Law Judge (ALJ). The ALJ issued his decision dismissing the first complaint. But the ALJ found that, as to the second complaint, the ILA had violated Sections 8(b)(4)(ii)(A) and (B) of the Act by filing its lawsuit in state court.

8. The ILA filed exceptions to the decision with the Board, and SCSPA, the State of South Carolina, and USMX filed various cross exceptions. The ILA's briefs made two major arguments: first, that the ILA's lawsuit could not be an unfair labor practice because it was protected by the Petitions Clause in the First Amendment to the United States Constitution, and second, that the lawsuit, which was directed at the ILA's own employers, was primary and work-preservative.

9. The Board issued an order dismissing both complaints on December 16, 2022. The Board adopted the ALJ's finding that Article 7, Section 7, of the Master Contract did not violate Section 8(e). The Board further adopted the ALJ's finding that the Master Contract creates a coastwide bargaining unit, that USMX and its member carriers control where their shipping containers go, and thus control the

work, and that the no-subcontracting provision of the Master Contract was a valid work preservation clause.

10. However, the Board overruled the ALJ's finding that the ILA's lawsuit violated the Act, instead finding that the ILA's lawsuit had a valid work preservation objective, and accordingly dismissed both complaints against the ILA. The Board did not reach ILA's First Amendment argument because it found the lawsuit had a lawful objective.

11. On January 25, 2023, the SCSPA moved to accelerate case proceedings. On February 6, 2023, the Clerk denied this motion without prejudice to be refiled after the time for intervention has elapsed

12. On February 2, 2023, the ILA moved to intervene on the behalf of the NLRB. The Court granted that motion on February 13, 2023.

13. On February 6, 2023, ILA Local 1422 moved to intervene on behalf of the NLRB. The Court granted that motion on February 6, 2023.

14. On February 8, 2023, the Court issued an order granting USMX's motion to intervene on behalf of Petitioner while directing the Parties to file a proposed briefing schedule.

15. In response, SCSPA filed a second motion to accelerate and a proposed schedule which only the State of South Carolina agreed. SCSPA's proposed schedule incorporated an earlier proposal from USMX that would allow USMX to

file a brief after the Petitioner's and Respondent's briefs were submitted. Notably, however, USMX did not consent to SCSPA's briefing schedule, instead signing onto the Board's proposed schedule and thereby retracting its earlier proposal.

16. The NLRB filed its own proposed schedule, which had the consent of the USMX, the ILA, and ILA Local 1422. The NLRB's proposed schedule contemplated that each intervenor would have equal opportunity to file its own brief.

17. On February 26, 2023, the Court granted SCSPA's Second Motion to Accelerate. The ensuing order entered a briefing schedule that adopted the schedule proposed by SCSPA on a less expedited timeline. The Court's schedule granted a separate 13,000 word brief to Intervenor USMX without giving a similar opportunity to the Intervenor Unions. The schedule was as follows:

> March 17, 2023 – Agency record due
> March 31, 2023 – Petitioners' brief due, requiring a single brief of 16,000 words.
> April 28, 2023 – Respondents' brief due, requiring a single brief of 16,000 words.
> May 12, 2023 – USMX's brief due, requiring a single brief of 13,000 words.
> May 26, 2023 – Petitioners' reply brief and responses to USMX's brief due, requiring a single brief of 6,500 words.

18. The ILA and ILA Local 1422 now move for leave to file a separate brief when Respondent's initial brief is due and when Respondent's response to USMX is due.

# ARGUMENT

## I.

## THE ILA AND ILA LOCAL 1422 SHOULD BE ALLOWED TO FILE A SEPARATE BRIEF FROM THE BOARD SO THAT THEY WILL HAVE A FAIR OPPORTUNITY TO PROTECT THEIR INTERESTS

19. The ILA and ILA Local 1422 now move, pursuant to FRAP Rule 28 and Local Rule 28(b), for leave to jointly file their own brief when Respondent's initial brief is due, and also be given the opportunity to file a joint brief responding to USMX's brief.

20. Intervenors such as the ILA and ILA Local 1422 are permitted to participate in an appellate court's review of an order of the Board to protect their interests which may be separate and distinct from the public and statutorily-imposed interests of the Board. *Int'l Union of Auto. Workers, Local 283 v. Scofield*, 382 U.S. 205, 218 (1965).

21. As the Board suggests in its own motion, ECF # 39, the Board's interests cannot be reduced to those of private parties. This is because the Board acts to advance the public interest, not to "adjudicate private controversies." *NLRB v. Fant Milling Co.*, 360 U.S. 301, 307-08 (1959).

22. The ILA has its own unique private interest in the outcome of this litigation. This case involves interpretation of the USMX-ILA Master Contract and the administration of that contract on a coastwide basis. The ILA has a substantial

1003-547
131658

7

interest in ensuring that it be permitted to enforce the work preservation clauses in the Master Contract to protect its work jurisdiction at ports across the East Coast and Gulf Coast.

23. ILA Local 1422 likewise has its own unique private interest in the outcome of this litigation. In addition to the ILA's interests, ILA Local 1422 has a substantial interest in ensuring that the ILA be permitted to lawfully enforce the work preservation clauses in the Master Contract as a ruling otherwise will impact local collective bargaining conditions and employment conditions for the bargaining unit which ILA Local 1422 represents.

24. Moreover, the ILA has an interest that is distinct from that of the Board in that much of the ILA's arguments before the Board focused on vindicating the ILA's First Amendment right to petition the courts. The First Amendment issue was not reached in the Board's December 16, 2022 Decision, and it is anticipated that the Board will not make it a focus of its argument before this Court. *See* ECF # 39, p. 3.

25. Because the Board has indicated that it will not focus on vindicating the ILA's rights under the Petitions Clause, the ILA should be permitted file its own brief to protect its First Amendment right to petition a court for redress.

26. The current schedule imposed by the February 26, 2023 Order prevents the ILA and ILA Local 1422 from protecting their private interests in this proceeding

that are separate and distinct from the Board. It also prevents the ILA and ILA Local 1422 from replying to the arguments of their bargaining partner USMX.

27. USMX had agreed to the briefing schedule proposed by the Board, ECF # 35, 3-4, which contemplated that the ILA, ILA Local 1422 and the Board would file separate briefs and that USMX would raise any arguments adverse to the Board's decision before the Board's, the ILA's, and ILA Local 1422's briefs were due, providing both the Board, the ILA, and ILA Local 1422 the opportunity respond.

28. In addition, as the bargaining counterpart to USMX, the ILA has a further interest separate from the Board in preserving its rights under the Master Contract. But USMX is presently permitted 13,000 words to respond to both the Board's and SCSPA's arguments to protect its interests, while as of now, the Unions have no such opportunity.

29. The ILA's private interest in the outcome of this proceeding is equal to USMX's, or perhaps even greater, as the ILA, a charged party in both complaints issued by the Board, is seeking to enforce its contractual rights.

30. There is no reason that only one party to the Master Contract, USMX, is entitled to its own brief, while denying the Unions the same opportunity.

31. The Unions have agreed that if this request is granted, the two unions will share briefs.

32. Therefore, the Unions request that they be permitted to jointly file a 13,000 word brief on April 28, 2023 and a 6,500 word response to USMX on May 26, 2023. This provides the ILA and ILA Local 1422 the same opportunity to defend their interests as USMX.

33. Counsel for the other parties to this case have been notified of the intent to file this motion pursuant to FRAP 28 and 28(b). Counsel for the Board indicated that they consent to this Motion. USMX has indicated that they do not object to this motion. The SCSPA and the State have indicated that they do not object to the Unions' filing a separate brief from the Board, provided the briefs filed on the Board's side do not exceed the 16,000 word limit imposed by the February 23, 2023 Court Order. SCSPA and the State would object to separate briefs which exceed that limit.

**WHEREFORE**, the ILA respectfully requests that the Clerk enter an order granting the Unions leave to file a separate brief pursuant to FRAP Rule 28 and Local Rule 28(b) on the dates referenced above.

Dated: March 8, 2023

                                                    Respectfully submitted,

| | |
|---|---|
| /s/ Joseph D. Richardson | /s/ Nicholas M. Graziano |
| Joseph D. Richardson | John P. Sheridan |
| WILLIG, WILLIAMS, & DAVIDSON | Daniel Wolff |
| 1845 Walnut Street, 24th Floor | Nicholas M. Graziano |
| Philadelphia, PA 19103 | MAZZOLA MARDON, P.C. |
| (215) 656-3655 | 26 Broadway, 17th Floor |
| | New York, NY 10004 |
| | (212) 425-3240 |
| | |
| *Counsel for the International Longshoremen's Association, Local 1422* | *Counsel for the International Longshoremen's Association* |

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and Circuit Rule 26.1(a)(1), the International Longshoremen's Association certifies that it is an unincorporated labor organization that has no parent companies. No publicly held corporation owns 10 percent or more of the International Longshoremen's Association.

Dated: March 8, 2023

                                                Respectfully submitted,

                                                /s/ Nicholas M. Graziano
                                                John P. Sheridan
                                                Daniel Wolff
                                                Nicholas M. Graziano
                                                MAZZOLA MARDON, P.C.
                                                26 Broadway, 17th Floor
                                                New York, NY  10004
                                                (212) 425-3240
                                                dwolff@mmmpc.com

                                                *Counsel for the International Longshoremen's Association*

## **CERTIFICATE OF COMPLIANCE**

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that the International Longshoremen's Association's Response to USMX's Motion for Leave to Intervene complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2001 words, excluding the parts of the document that are exempted by Federal Rule of Appellate Procedure Rule 32(f), according to the Word Count function of Microsoft Word.  I further certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface utilizing Microsoft Word 2016 in 14-point Times New Roman font.

 Dated: March 8, 2023

/s/ Nicholas M. Graziano
Nicholas M. Graziano
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY  10004
(212) 425-3240
dwolff@mmmpc.com

*Counsel for the International Longshoremen's Association*

1003-547
131658

13

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, I filed the foregoing **MOTION TO FILE A SEPARATE BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that the foregoing document is being served today via email upon the following counsel:

>Carter G. Phillips
>SIDLEY AUSTIN LLP
>1501 K Street, N.W.
>Washington, D.C. 20005
>(202) 736-8000
>cphillips@sidley.com
>
>Michael O. Eckard
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>211 King Street, Suite 200
>Charleston, S.C. 29401
>(843) 720-0872
>michael.eckard@ogletreedeakins.com
>
>Tracey C. Green
>BURR & FORMAN LLP
>1221 Main Street
>Suite 1800
>Columbia, S.C. 29201
>(803) 753-3224
>tgreen@burr.com
>
>*Counsel for Petitioner South Carolina State Ports Authority*

1003-547
131658

14

Ruth E. Burdick
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960
ruth.burdick@nlrb.gov

Milakshmi Rajapakse
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960
milakshmi.rajapakse@nlrb.gov

Heather Beard
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960
heather.beard@nlrb.gov

*Counsel for Respondent National Labor Relations Board*

Robert D. Cook
OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA
P. O. Box 11549
Columbia, SC 29211
(803) 734-3680
bcook@scag.gov

Jared Quante Libet
OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA
P. O. Box 11549
Columbia, SC 29211
(803) 734-3680
jlibet@scag.gov

*Counsel for the State of South Carolina*

Joseph Doolin Richardson
WILLIG, WILLIAMS, & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3655
jrichardson@wwdlaw.com

*Counsel for the International Longshoremen's Association, Local 1422*

Jonathan C. Fritts
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. (202) 739-3000
jonathan.fritts@morganlewis.com

James E. Nelson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. (202) 739-3000
james.nelson@morganlewis.com

1003-547
131658

16

William M. Spelman
THE LAMBOS FIRM, LLP
303 South Broadway, Suite 410
Tarrytown, New York 10591
Tel. (212) 381-9700
wmspelman@lambosfirm.com

James R. Campbell
THE LAMBOS FIRM, LLP
303 South Broadway, Suite 410
Tarrytown, New York 10591
Tel. (212) 381-9700
jrcampbell@lambosfirm.com

*Counsel for United States Maritime Alliance, Ltd.*

Dated: March 8, 2023

/s/ Nicholas M. Graziano
Nicholas M. Graziano
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
dwolff@mmmpc.com

*Counsel for the International Longshoremen's Association*