No. 23-1059

# In the United States Court of Appeals
## FOR THE FOURTH CIRCUIT

SOUTH CAROLINA STATE PORTS AUTHORITY

*Petitioner*

THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.

*Intervenors*

v.

NATIONAL LABOR RELATIONS BOARD

*Respondent*

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION

*Intervenors*

-------------------------------

NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; SOUTH CAROLINA CHAMBER OF COMMERCE; NATIONAL ASSOCIATION OF MANUFACTURERS; SOUTH CAROLINA MANUFACTURERS ALLIANCE; GOVERNOR HENRY MCMASTER

*Amici Supporting Petitioner*

On Petition for Review of an Order of the National Labor Relations Board

**RESPONSE OF INTERVENOR UNITED STATES MARITIME ALLIANCE, LTD. CONCERNING THE ALLOTMENT OF TIME FOR ORAL ARGUMENT**

| | |
|---|---|
| William M. Spelman | Jonathan C. Fritts |
| James R. Campbell | James D. Nelson |
| THE LAMBOS FIRM, LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 303 South Broadway, Suite 410 | 1111 Pennsylvania Avenue, N.W. |
| Tarrytown, New York 10591 | Washington, D.C. 20004 |
| Tel. (212) 381-9700 | Tel. (202) 739-3000 |

*Counsel for Intervenor United States Maritime Alliance, Ltd.*

# CORPORATE DISCLOSURE STATEMENT

In accordance with FED. R. APP. P. 26.1 and 4TH CIR. R. 26.1, United States Maritime Alliance, Ltd. makes the following disclosure:

1) Is party/amicus a publicly held corporation or other publicly held entity?

No.

2) Does party/amicus have any parent corporations? If yes, identify all parent corporations, including all generations of parent corporations:

No.

3) Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? If yes, identify all such owners:

No.

4) Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? If yes, identify entity and nature of interest:

COSCO Shipping Lines (North America) Inc. is a wholly-owned subsidiary of COSCO SHIPPING Lines Co., Ltd., which is a wholly-owned subsidiary of COSCO SHIPPING Holdings Co., Ltd., which is dually listed on the Hong Kong Stock Exchange and the Shanghai Stock Exchange.

Evergreen SHIPPING Agency (America) Corp. is the North American general agent for Evergreen Marine Corp. (Taiwan) Ltd., which is a publicly traded company on the Taiwan Stock Exchange.

i

Hyundai Merchant Marine (America), Inc. is a subsidiary of HMM Co., Ltd., which is publicly traded on the Korea Exchange.

Maersk Line is a subsidiary of AP Moller - Maersk A/S, which is publicly traded on NASDAQ Copenhagen.

Ocean Network Express (North America) Inc. is a subsidiary of Ocean Network Express Pte. Ltd., which is comprised of Kawasaki Kisen Kaisha, Ltd. ("K" Line), Mitsui O.S.K. Line (MOL Line), and Nippon Yusen Line (NYK Line), which are publicly traded on the Tokyo Stock Exchange.

OOCL USA Inc. is a subsidiary of Orient Overseas Container Line Limited, which is wholly owned by Orient Overseas (International) Limited (OOIL), which is listed on the Hong Kong exchange. The majority shareholder of OOIL is COSCO SHIPPING Holdings Co. Ltd., which is traded on the Hong Kong and Shanghai exchanges.

Wallenius Wilhelmsen Logistics Americas, LLC is a subsidiary of Wallenius Wilhelmsen ASA, which is publicly traded on the Oslo, Norway stock exchange.

Yang Ming (America) Corp. is a subsidiary of Yang Ming Marine Transport Corp., which is publicly traded on the Taiwan stock exchange.

Zim American Integrated Shipping Services Company, Inc. is a subsidiary of Zim Integrated Shipping Services Ltd., which is publicly traded on the New York Stock Exchange.

5)  Is party a trade association? (amici curiae do not complete this question)?  If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

No.

6)  Does this case arise out of a bankruptcy proceeding?  If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the

ii

        parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

No.

7)    Is this a criminal case in which there was an organizational victim? If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

No.

Dated: April 14, 2023                      *s/ Jonathan C. Fritts*
                                                Jonathan C. Fritts

                                                *Counsel for United States Maritime Alliance, Ltd.*

iii

United States Maritime Alliance, Ltd (USMX) submits this motion in response to the Court's March 30, 2023 order directing the parties to file a joint motion outlining a proposed oral-argument schedule. ECF 61. USMX respectfully requests that the Court reserve five minutes of oral-argument time to USMX.

## BACKGROUND

USMX is a multiemployer collective-bargaining representative for its members, which consist of shipping companies or lines (also known as carriers), marine terminal operators and stevedoring companies, and port associations that represent employers of longshore labor engaged in container and roll-on/roll-off operations in ports on the East and Gulf Coasts of the United States, including on marine terminals in the Port of Charleston, South Carolina. USMX, on behalf of its members, negotiates and administers with the International Longshoremen's Association (ILA), on behalf of its constituent locals, a collective bargaining agreement known as the Master Contract. The Master Contract establishes the key terms and conditions of employment for longshore workers that apply uniformly in all Master Contract ports on the Atlantic and Gulf Coasts of the United States, including the Port of Charleston.

In the underlying matter, USMX, along with the ILA and ILA Local 1422, was a Respondent to unfair-labor-practice charges filed by the State of South Carolina and the South Carolina State Ports Authority (SCSPA). The SCSPA

1

alleged that Article VII, Section 7(b) of the Master Contract constituted a "hot cargo" provision in violation of Section 8(e) of the National Labor Relations Act (NLRA). USMX, along with the SCSPA, was also a Charging Party in the underlying matter arguing that an action filed in a New Jersey state court by the ILA against USMX and two USMX carrier-members violated Sections 8(b)(4)(ii)(A) and (B) and 8(e) of the NLRA.

The decision of the National Labor Relations Board (NLRB) affirmed the Administrative Law Judge's dismissal of the charge that Article VII, Section 7(b) of the Master Contract violates Section 8(e) of the NLRA and dismissed the charge that the lawsuit filed by the ILA constituted an unlawful secondary boycott.

## PROCEDURAL HISTORY

On February 7, 2023, USMX filed a motion to intervene in this action (Doc. No. 27). In its motion to intervene, USMX sought leave to file a separate brief, if necessary, after the SCSPA and the NLRB have filed their respective initial briefs but before the SCSPA has filed its reply brief because of USMX's unique position as both a Respondent and Charging Party in the underlying matter (Doc. No. 27 at 3).

The ILA filed a response to USMX's motion (Doc No. 28). The ILA objected to USMX's request, asserting that USMX's request would prejudice both the ILA

2

and the NLRB because it would prevent both the ILA and the NLRB from having an opportunity to respond to USMX's brief (Doc. No. 28 at ¶ 2).

The NLRB also filed a response to USMX's motion (Doc. No. 29). The NLRB raised concerns about the briefing arrangements in this case, similar to those raised by the ILA (Doc. No. 29 at 1) but stated that it would wait until after the end of the intervention period to assess its position as to any briefing arrangement in this case (Doc. No. 29 at ¶ 4).

On February 8, 2023, the Court granted USMX's motion to intervene and directed the parties to file a proposed briefing schedule (Doc. No. 30 at 2). The NLRB submitted a proposed briefing schedule on behalf of the ILA and ILA Local 1422, with input from USMX, that would have permitted (1) USMX and the State of South Carolina to file their respective briefs after the SCSPA had filed its opening brief and (2) USMX, the ILA, and ILA Local 1422 to file briefs after the NLRB had filed its brief (Doc No. 35 at ¶¶ 6, 7, 10).

The SCSPA subsequently filed a renewed motion to expedite consideration of its petition for review and a proposed briefing schedule (Doc. No. 36 at 2, 3). The SCSPA's briefing schedule called for the SCSPA and South Carolina to file an initial brief, followed by a brief from the NLRB, the ILA, and ILA Local 1422, followed by a brief from USMX, followed by a reply brief from SCSPA and briefs in response to USMX's brief (Doc. No. 36 at 3).

On February 22, 2023 the NLRB opposed SCSPA's motion to expedite and requested the adoption of the NLRB's briefing schedule or, in the alternative, additional time to file its brief (Doc. No. 37 at ¶¶ 8, 9). That day, the Court granted SCSPA's motion to expedite and adopted the structure of the SCSPA's briefing schedule, while granting the NLRB additional time to file its initial brief (Doc. No. 38 at 2).

On March 3, 2023, the NLRB filed a motion to submit a brief separate from the ILA and ILA Local 1422 (Doc. No. 39). The ILA and ILA Local 1422 then filed a joint motion to file a separate brief from the NLRB (Doc. No. 41). The Court granted both motions (Doc. Nos. 42 and 43), and issued the following briefing schedule:

> March 17, 2023 – Agency record due.
>
> March 31, 2023 – Petitioners' brief due, requiring a single brief of 16,000 words.
>
> April 28, 2023 – Respondents' brief due, requiring a brief of 13,000 words; Intervenors International Longshoremen's Association and International Longshoremen's Association, Local 1422's brief due, requiring a single brief of 13,000 words.
>
> May 12, 2023 – USMX's brief due, requiring a single brief of 13,000 words.
>
> May 26, 2023 – Petitioners' reply brief and responses to USMX's brief due, requiring briefs of 6,500 words.

(Doc. No. 43 at 2).

4

On March 22, 2023, the Court issued an Oral Argument Notification directing the parties to submit oral-argument-acknowledgment forms (Doc. No. 47 at 1). The Oral Argument Notification states that "[e]ach side is ***normally*** allowed 20 minutes" (Doc. No. 47 at 1) (emphasis added). That day, SCSPA filed an oral-argument form requesting 15 minutes of principal-argument time and five minutes of rebuttal-argument time (Doc. No. 48). The NLRB and the ILA both filed oral-argument forms requesting 15 minutes of principal-argument time for the NLRB and five minutes of principal-argument time for the ILA (Doc. Nos. 58 and 59). USMX filed an oral-argument form seeking to reserve ten minutes of oral-argument time, if necessary, to respond to any issues that may be raised by Petitioner, Respondents, or Intervenors that implicate the interests of USMX (Doc. No. 60).

On March 30, 2023, the Court issued a notice directing the parties to file a joint motion outlining a proposed oral-argument schedule.

## DISCUSSION

USMX counsel have conferred with counsel for the SCSPA, the NLRB, and the ILA regarding a proposed oral-argument schedule. Counsel for the SCSPA consented to USMX's original proposed allocation of ten minutes of oral-argument time to be used after the NLRB and ILA argue but before rebuttal.

Counsel for the NLRB has informed USMX that the NLRB agrees to USMX having five minutes of oral-argument time after the NLRB and the ILA have made their arguments, but before rebuttal.

ILA counsel agrees with the allotment of five minutes of oral argument time for USMX but, unlike the NLRB, ILA counsel does not agree that USMX should be permitted to argue after the NLRB and the ILA.

USMX is willing to limit its oral argument time to 5 minutes consistent with the NLRB and the ILA's position. However, USMX believes that it should argue after the NLRB and the ILA argue, but before rebuttal. The ILA is the only party that disagrees with this position. The NLRB and SCSPA do not object to this proposed order of argument.

USMX is in a unique position in this case because it was both a Respondent and a Charging Party in the underlying matter and the NLRB issued a decision that found in favor of USMX's position as a Respondent and in opposition to USMX's position as a Charging Party. Given its unique position, the Court granted USMX's request to file a separate brief, if necessary, after the filing of briefs by the SCSPA, the NLRB, and the ILA. USMX's proposed oral-argument schedule would, likewise, permit USMX to argue after the SCSPA, the NLRB, and the ILA have argued.

## CONCLUSION

Accordingly, USMX respectfully requests that the Court approve the following allotment of time and schedule for oral argument:

South Carolina State Ports Authority – 15 minutes

National Labor Relations Board – 15 minutes

International Longshoremen's Association – 5 minutes

United States Maritime Alliance, Ltd. – 5 minutes

South Carolina State Ports Authority – 5 minutes.

Dated: April 14, 2023

Respectfully submitted,

*s/ Jonathan C. Fritts*
Jonathan C. Fritts
James D. Nelson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. (202) 739-5867
jonathan.fritts@morganlewis.com
james.nelson@morganlewis.com

William M. Spelman
James R. Campbell
THE LAMBOS FIRM, LLP
303 South Broadway, Suite 410
Tarrytown, New York 10591
Tel. (212) 381-9700
wmspelman@lambosfirm.com
jrcampbell@lambosfirm.com

*Counsel for United States Maritime Alliance, Ltd.*

7

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 27(d)(2)(A) and 32(g)(1), the undersigned certify that the Response of United States Maritime Alliance, Ltd. Concerning the Allotment of Oral-Argument Time was prepared using Microsoft Word, Times New Roman typeface, size 14. The undersigned further certify that this motion is proportionally spaced and contains 1,411 words, excluding the parts of the document that are exempted by Fed. R. App. P. 32(f), according to the word-count function of Microsoft Word. The undersigned declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2023                *s/ Jonathan C. Fritts*
                                     Jonathan C. Fritts

                                     *Counsel for United States Maritime Alliance, Ltd.*

8