# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CASE NO. 23-1059

**SOUTH CAROLINA STATE PORTS AUTHORITY,**

Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,**

Respondent.

---

# RESPONSE OF INTERVENOR INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
# TO MOTION OF INTERVENOR UNITED STATES MARITIME ALLIANCE FOR ADDITIONAL ARGUMENT TIME

John P. Sheridan
Daniel Wolff
Nicholas M. Graziano
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
jsheridan@mmmpc.com
dwolff@mmmpc.com
ngraziano@mmmpc.com

*Counsel for the International Longshoremen's Association*

1003-547
132504

## **RESPONSE OF INTERVENOR INTERNATIONAL LONGSHOREMEN'S ASSOCIATION TO MOTION OF INTERVENOR UNITED STATES MARITIME ALLIANCE FOR ADDITIONAL ARGUMENT TIME**

Intervenor International Longshoremen's Association (ILA) by and through its undersigned counsel, and pursuant to the Clerk's April 14, 2023 Order, hereby responds to Intervenor United States Maritime Alliance, Ltd.'s (USMX) motion for additional argument time.

### ARGUMENT

USMX has asked for five minutes of argument time for itself in addition to the twenty minutes that is usually allotted per side.

The ILA has no objection to the Court granting USMX this extra time. However, contrary to what USMX proposed, USMX's argument time should come after the Petitioner but **before** the Board and the ILA.

USMX is correct that it is on both sides of the Board's decision. SCSPA's original charged was against ILA, Local 1422, and USMX. (This was the first consolidated complaint that the Board dismissed). But then USMX subsequently filed its own charge against the ILA. (This formed the basis of the second consolidated complaint dismissed by the Board). USMX has not filed any charges against Local 1422, and the ILA filed no charges in this case.

Thus, it is logical and fair for USMX to argue after the Petitioner so that USMX can have the opportunity to respond, if necessary, to any of the issues that

are relevant to its role as a charged party. Likewise, to the extent that USMX wishes to argue against the Board's dismissal of the second consolidated complaint, then it is logical and fair for the ILA (and the Board), to argue **after** USMX so that they can have the opportunity to respond.

This principle is acknowledged by both the federal and local rules of practice. *See* Federal Rules of Appellate Procedure, Rule 34(c) (appellants argue first); Local Rules of Appellate Procedure, Rule 34(d) (same); *accord* Federal Rules of Appellate Procedure, Rule 15.1 (Party opposing Board argues first).

When ILA counsel mentioned these rules in a phone call with USMX's counsel, USMX insisted that it must argue after the Board and the ILA, but articulated no reason to vary from the norm. In its motion, USMX again offers no reason why the order of argument should vary from the normal procedure.

**WHEREFORE**, the ILA respectfully requests that the Court enter an order setting forth an oral argument schedule whereby USMX argues before the Board and the ILA.

Dated: April 17, 2023

          Respectfully submitted,

          /s/ John P. Sheridan
          John P. Sheridan
          Daniel Wolff
          Nicholas M. Graziano
          MAZZOLA MARDON, P.C.
          26 Broadway, 17th Floor
          New York, NY 10004
          (212) 425-3240

          *Counsel for the International Longshoremen's Association*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and Circuit Rule 26.1(a)(1), the International Longshoremen's Association certifies that it is an unincorporated labor organization that has no parent companies. No publicly held corporation owns 10 percent or more of the International Longshoremen's Association.

Dated: April 17, 2023

                                                                Respectfully submitted,

                                                                /s/ John P. Sheridan
                                                                John P. Sheridan
Daniel Wolff
Nicholas M. Graziano
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
dwolff@mmmpc.com

*Counsel for the International Longshoremen's Association*

## **CERTIFICATE OF COMPLIANCE**

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that the International Longshoremen's Association's Response to USMX's Motion for Leave to Intervene complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 804 words, excluding the parts of the document that are exempted by Federal Rule of Appellate Procedure Rule 32(f), according to the Word Count function of Microsoft Word. I further certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface utilizing Microsoft Word 2016 in 14-point Times New Roman font.

Dated: April 17, 2023

/s/ John P. Sheridan
Nicholas M. Graziano
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
dwolff@mmmpc.com

*Counsel for the International Longshoremen's Association*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2023, I filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system

Dated: April 17, 2023

/s/ John P. Sheridan
John P. Sheridan
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
jsheridan@mmmpc.com

*Counsel for the International Longshoremen's Association*

1003-547
132504

7