No. 23-1059

# In the United States Court of Appeals
## FOR THE FOURTH CIRCUIT

SOUTH CAROLINA STATE PORTS AUTHORITY

*Petitioner*

THE STATE OF SOUTH CAROLINA; UNITED STATES MARITIME ALLIANCE, LTD.

*Intervenors*

v.

NATIONAL LABOR RELATIONS BOARD

*Respondent*

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1422; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION

*Intervenors*

-------------------------------

NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; SOUTH CAROLINA CHAMBER OF COMMERCE; NATIONAL ASSOCIATION OF MANUFACTURERS; SOUTH CAROLINA MANUFACTURERS ALLIANCE; GOVERNOR HENRY MCMASTER

*Amici Supporting Petitioner*

On Petition for Review of an Order of the National Labor Relations Board

**JOINT MOTION CONCERNING THE AMENDMENT
OF THE BRIEFING SCHEDULE**

| | |
|---|---|
| William M. Spelman | Jonathan C. Fritts |
| James R. Campbell | James D. Nelson |
| THE LAMBOS FIRM, LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 303 South Broadway, Suite 410 | 1111 Pennsylvania Avenue, N.W. |
| Tarrytown, New York 10591 | Washington, D.C. 20004 |
| Tel. (212) 381-9700 | Tel. (202) 739-3000 |

*Counsel for Intervenor United States Maritime Alliance, Ltd.*

# CORPORATE DISCLOSURE STATEMENT

In accordance with FED. R. APP. P. 26.1 and 4TH CIR. R. 26.1, United States Maritime Alliance, Ltd. makes the following disclosure:

1) Is party/amicus a publicly held corporation or other publicly held entity?

No.

2) Does party/amicus have any parent corporations? If yes, identify all parent corporations, including all generations of parent corporations:

No.

3) Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? If yes, identify all such owners:

No.

4) Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? If yes, identify entity and nature of interest:

COSCO Shipping Lines (North America) Inc. is a wholly-owned subsidiary of COSCO SHIPPING Lines Co., Ltd., which is a wholly-owned subsidiary of COSCO SHIPPING Holdings Co., Ltd., which is dually listed on the Hong Kong Stock Exchange and the Shanghai Stock Exchange.

Evergreen SHIPPING Agency (America) Corp. is the North American general agent for Evergreen Marine Corp. (Taiwan) Ltd., which is a publicly traded company on the Taiwan Stock Exchange.

i

Hyundai Merchant Marine (America), Inc. is a subsidiary of HMM Co., Ltd., which is publicly traded on the Korea Exchange.

Maersk Line is a subsidiary of AP Moller - Maersk A/S, which is publicly traded on NASDAQ Copenhagen.

Ocean Network Express (North America) Inc. is a subsidiary of Ocean Network Express Pte. Ltd., which is comprised of Kawasaki Kisen Kaisha, Ltd. ("K" Line), Mitsui O.S.K. Line (MOL Line), and Nippon Yusen Line (NYK Line), which are publicly traded on the Tokyo Stock Exchange.

OOCL USA Inc. is a subsidiary of Orient Overseas Container Line Limited, which is wholly owned by Orient Overseas (International) Limited (OOIL), which is listed on the Hong Kong exchange. The majority shareholder of OOIL is COSCO SHIPPING Holdings Co. Ltd., which is traded on the Hong Kong and Shanghai exchanges.

Wallenius Wilhelmsen Logistics Americas, LLC is a subsidiary of Wallenius Wilhelmsen ASA, which is publicly traded on the Oslo, Norway stock exchange.

Yang Ming (America) Corp. is a subsidiary of Yang Ming Marine Transport Corp., which is publicly traded on the Taiwan stock exchange.

Zim American Integrated Shipping Services Company, Inc. is a subsidiary of Zim Integrated Shipping Services Ltd., which is publicly traded on the New York Stock Exchange.

5) Is party a trade association? (amici curiae do not complete this question)?  If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

No.

6) Does this case arise out of a bankruptcy proceeding?  If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the

        parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

No.

7)     Is this a criminal case in which there was an organizational victim? If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

No.

Dated: April 21, 2023                            */s/ Jonathan C. Fritts*
                                                                   Jonathan C. Fritts

                                                                   *Counsel for United States Maritime Alliance, Ltd.*

# JOINT MOTION CONCERNING THE AMENDMENT OF THE BRIEFING SCHEDULE

United States Maritime Alliance, Ltd (USMX) submits this joint motion on behalf of itself, the National Labor Relations Board (Board), the South Carolina State Ports Authority (SCSPA), and the International Longshoremen's Association (ILA) to respectfully request an amendment of the briefing schedule to provide a seven-day extension of time for all briefs filed after the Board's May 5, 2023 brief.

On March 14, 2023, the Court issued the following briefing schedule:

> March 17, 2023 – Agency record due.
>
> March 31, 2023 – Petitioners' brief due, requiring a single brief of 16,000 words.
>
> April 28, 2023 – Respondents' brief due, requiring a brief of 13,000 words; Intervenors International Longshoremen's Association and International Longshoremen's Association, Local 1422's brief due, requiring a single brief of 13,000 words.
>
> May 12, 2023 – USMX's brief due, requiring a single brief of 13,000 words.
>
> May 26, 2023 – Petitioners' reply brief and responses to USMX's brief due, requiring briefs of 6,500 words.

(Doc. No. 43 at 2). Oral argument is scheduled for June 6, 2023. (Doc. No. 44 at 2).

After SCSPA filed its opening brief on March 31, 2023, and three amicus briefs were filed on April 7, 2023, the Board filed an unopposed motion for a seven-day extension of time for its brief. (Doc. No. 75). The Court granted the Board's

1

request on April 17, 2023, extending the deadline for filing from April 28, 2023, until May 5, 2023.  (Doc No. 81).

The Court's clerk's office has informed USMX counsel that the Court's April 17, 2023 order does not extend the remaining deadlines established by the Court's March 14, 2023 order—including, if USMX counsel's understanding is accurate, the ILA's brief.  As a result, USMX's brief is now due only seven days after the Board's brief, rather than the 14-day period originally contemplated by the Court.  This is contrary to the parties' expectation that the Board's request for a seven-day extension would extend the deadlines for the remaining briefs by an equivalent seven-day period.

That expectation is supported by two statements in the Court's March 17, 2023 order.  The order first states that "[i]f a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late."  The order also states that "[i]f a brief is filed in advance of its due date, the filer may request a corresponding advancement of the due date for the next brief by filing a motion to amend the briefing schedule."  (Doc. No. 46 at 2).  These statements indicate that the Court contemplated that the parties would have an equivalent amount of time to prepare their briefs.

The proposed amendment to the briefing schedule is necessary for USMX to adequately respond to arguments raised in the briefs filed by the Board and the ILA

2

that affect USMX's interests and would give USMX the same period of time to prepare its brief that the other parties will have to respond to USMX's brief. Moreover, USMX is aware of a request by at least one entity to file an additional amicus brief, which under Rule 29(a)(6) of the Federal Rules of Appellate Procedure would have to be filed on the same date that USMX's brief is currently due. If the briefing schedule were not amended, USMX would not be able to respond to that and any other amicus briefs that address issues that are contrary to USMX's interests in this case.

Accordingly, USMX, the Board, the SCSPA, and the ILA jointly request that the briefing schedule be amended to provide a seven-day extension of time for the ILA's brief, to coincide with the May 5, 2023 filing date for the Board's brief, and for all parties' briefs to be filed after the Board's May 5, 2023 brief. This amendment to the briefing schedule would allow all parties to have an equivalent amount of time to prepare their responsive briefs moving forward.

## CONCLUSION

For the foregoing reasons, USMX, the Board, the SCSPA, and the ILA respectfully request that the remaining briefing schedule be amended as follows:

> May 5, 2023 – Respondents' brief due, requiring a brief of 13,000 words; Intervenors International Longshoremen's Association and International Longshoremen's Association, Local 1422's brief due, requiring a single brief of 13,000 words.

3

May 19, 2023 – USMX's brief due, requiring a single brief of 13,000 words.

June 2, 2023 – Petitioners' reply brief and responses to USMX's brief due, requiring briefs of 6,500 words.

Dated: April 21, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jonathan C. Fritts*
Jonathan C. Fritts
James D. Nelson
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. (202) 739-5867
jonathan.fritts@morganlewis.com
james.nelson@morganlewis.com

William M. Spelman
James R. Campbell
THE LAMBOS FIRM, LLP
303 South Broadway, Suite 410
Tarrytown, New York 10591
Tel. (212) 381-9700
wmspelman@lambosfirm.com
jrcampbell@lambosfirm.com

*Counsel for Intervenor United States Maritime Alliance, Ltd.*

4

NATIONAL LABOR RELATIONS BOARD

*/s/ Ruth E. Burdick*
Ruth E. Burdick
Deputy Associate General Counsel
1015 Half Street SE
Washington, D.C. 20570

*Counsel for Respondent National Labor Relations Board*

SIDLEY AUSTIN LLP

*/s/ Carter G. Phillips*
Carter G. Phillips
1501 K Street, N.W.
Washington, D.C. 20005

Tracey C. Green
BURR & FORMAN LLP
1221 Main Street, Suite 1800
Columbia, S.C. 29201

Michael O. Eckard
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
211 King Street, Suite 200
Charleston, S.C. 29401

*Counsel for Petitioner South Carolina State Ports Authority*

5

MAZZOLA MARDON, P.C.

*/s/ John P. Sheridan*
_____
John P. Sheridan
Daniel Wolff
Nicholas M. Graziano
26 Broadway, 17th Floor
New York, NY 10004

*Counsel for Intervenor International Longshoremen's Association*

6

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 27(d)(2)(A) and 32(g)(1), the undersigned certify that the Joint Motion Concerning the Amendment of the Briefing Schedule was prepared using Microsoft Word, Times New Roman typeface, size 14. The undersigned further certify that this motion is proportionally spaced and contains 743 words, excluding the parts of the document that are exempted by Fed. R. App. P. 32(f), according to the word-count function of Microsoft Word. The undersigned declare under penalty of perjury that the foregoing is true and correct.

Dated: April 21, 2023                               */s/ Jonathan C. Fritts*
                                                                  Jonathan C. Fritts

                                                                  *Counsel for United States Maritime Alliance, Ltd.*

7